UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kim Manning,<br><br>            Plaintiff(s),<br><br>v.<br><br>Experian Information Solutions, Inc., et al.,<br><br>            Defendant(s). | Case No. 2:25-cv-01299-JCM-NJK<br><br>**ORDER** |

Pending before the Court is an order to show cause regarding the nonappearance of served defendants and the failure of Plaintiff to take appropriate action regarding the same. Docket No. 18. Plaintiff filed a notice of settlement with those two non-appearing defendants, *see* Docket No. 19, as well as a response to the order to show cause, Docket No. 20. Based on the circumstances presented, the Court will discharge the order to show cause at this time, though counsel are warned that the Court may revisit the issue in the future if this problem persists.

In the meantime, the Court clarifies a few matters. First, the local rules do not guarantee that repercussions for failure to prosecute will not occur before 270 days of inaction. There is no magic number for the length of inactivity that may trigger dismissal; Rule 41(b) of the Federal Rules of Civil Procedure provides wide discretion to the Court to address a failure to prosecute based on the specific circumstances of the case. Second, even apart from dismissal for failure to prosecute, inactivity as to non-appearing defendants may result in other adverse repercussions, including denial of a request for relief from case management deadlines if/when that defendant untimely appears in the case after discovery has been ongoing. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (requiring showing of diligence); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026-27 (9th Cir. 2006) (affirming denial of motion to reopen discovery where counsel made a strategic litigation decision to not diligently

pursue discovery). Third, although a stretch, the Court takes counsel at their word that it is Defendants who are flouting the governing rules and that Plaintiff's counsel have not entered an off-the-record agreement to delay the answer deadline.[1] As explained above, however, the failure of Plaintiff's counsel to prosecute the case may also lead to adverse repercussions for Plaintiff's side, even if it is at bottom the defendants refusing to comply with clear rules.

IT IS SO ORDERED.

Dated: October 22, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Of course, this case involves repeat players, so one might guess that counsel's longstanding course of conduct (including not seeking default in reasonably prompt fashion) may be construed as implicitly giving defendants the green light to not comply with the applicable deadlines.